IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ERNEST A. CATCHINGS, JR., )<br>　　　　　　　　　　　　　　　 )<br>　　Plaintiff, 　　　　　　　　 )<br>　　　　　　　　　　　　　　　 )<br>VS.　　　　　　　　　　　　　 )　　No. 12-2305-JDT-tmp<br>　　　　　　　　　　　　　　　 )<br>MIKE FRY, et al.,　　　　　　 )<br>　　　　　　　　　　　　　　　 )<br>　　Defendant. 　　　　　　　　)| |

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER REAFFIRMING RESTRICTIONS ON FILING PRIVILEGES
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On April 17, 2012, Plaintiff Ernest A. Catchings, prison registration number 12101660, an inmate at the Shelby County Criminal Justice Complex ("SCJ"), filed a *pro se* complaint pursuant to 42 U.S.C. § l983. (ECF No. 1.) On May 10, 2012, Catchings filed an amended complaint. (ECF No. 3.) On May 14, 2012, Plaintiff filed a motion seeking leave to proceed *in forma pauperis*. (ECF No. 4.) The Court issued an order on May 22, 2012, that granted leave to proceed *in forma pauperis* and assessed the civil filing fee. (ECF No. 5.) The Clerk shall record the defendants as the City of Collierville, the City of Bartlett, the United States,[1] Detective Mike Fry, Detective Kevin Thompson, and Inspector Dwight Jones.

---

[1]　Plaintiff named the Collierville Police Department, the Bartlett Police Department, and the United States Postal Service as Defendants.  Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes those claims against the City of Collierville, the City of Bartlett, and the United States, respectively. See generally Hafer v. Melo, 502 U. S. 21 (1991).

This is the fourth complaint that Plaintiff has filed against these defendants alleging that he was falsely arrested based on evidence obtained in an illegal search and seizure by Defendants Jones, a United States Postal Inspector, Fry, a Collierville police detective, and Thompson, a Bartlett police detective in December 2008.[2]

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v.

---

[2] See Catchings v. Craft, et al., No. 11-2555-JDT-tmp (W.D. Tenn. June 8, 2012)(dismissing § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1916A(b)(1) for failure to state a claim); Catchings v. United States, No. 12-2171-JDT-dkv (W.D. Tenn. Jan. 29, 2013)(dismissing tort claim for lack of subject matter jurisdiction); and Catchings v. City of Collierville, et al., No. 12-2329-JDT-cgc (W.D. Tenn. Feb. 1, 2013)(dismissing § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1916A(b)(1) for failure to state a claim and imposing restrictions on filing privileges pursuant to 28 U.S.C. § 1915(g). All three strikes have become final.

Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. See Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S.

4

225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Plaintiff's allegations were fully addressed in the three prior orders of dismissal. This complaint is duplicative. A completely duplicative claim lacks an arguable basis either in law or in fact and is frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Therefore, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A. Judgment shall be entered for all Defendants.

The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. However, Plaintiff Catchings' filing privileges are restricted by 28 U.S.C. § 1915 (g) because he has filed three previous lawsuits in this district which were dismissed for failure to state a claim or as frivolous.[3] Due to Plaintiff's abuse of the judicial system, 28 U.S.C. § 1915(g) bars him from taking an appeal under § 1915(b). Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

If Catchings files a notice of appeal, the Clerk is ORDERED to assess and collect the entire fee of $455 from his prison trust fund account whenever funds are in this account,

---

[3] *See* footnote 2 *supra.*

5

without regard to the installment payment provisions of § 1915(b). If Catchings files a notice of appeal, he must pay the entire fee within thirty (30) days of filing that notice. If he does not, this Court will notify the United States Court of Appeals for the Sixth Circuit that he has failed to comply with the fee requirements, and that Court will dismiss his appeal. It will not be reinstated thereafter even if he does pay the filing fee. Cf. McGore, 114 F.3d at 609-10.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE